**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GREEN,<br><br>  Petitioner,<br><br>  v.<br><br>DANIEL PARAMO, Warden,<br><br>  Respondent. | Case No. 1:14-cv-01648-LJO-SMS HC<br><br>ORDER DENYING MOTION FOR STAY AND ABEYANCE<br><br>Doc. 10 |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who filed his petition in this Court on October 22, 2014, now seeks an order of stay and abeyance, pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (2005), to permit him to pursue additional, but unspecified, claims in state court. Because the motion lacks the factual specificity necessary to permit the Court to analyze the propriety of granting stay and abeyance, the Court must deny the motion.

I.  **DISCUSSION**

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair

1

opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines*, 544 U.S. at 275.

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) the petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78. Petitioner has failed to establish any of these three elements.

### A.    Failure to Specify Unexhausted Claims

Petitioner's failure to indicate the additional unexhausted claims that he seeks to pursue precludes the issuance of stay and abeyance for two reasons. First, without knowing the claims that Petitioner seeks to pursue, the Court cannot determine whether those claims potentially have merit.

Second, "a district court shall entertain an application for a writ of habeas corpus in behalf of a prisoner in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Petitioner does not allege the claims for which he seeks an order of stay and abeyance, the Court is unable to determine whether any of the additional claims constitute a violation of the U.S. Constitution or federal laws or treaties. When a petition includes no mention of any federal grounds, a district court may appropriately dismiss it. *Burkey v. Deeds*, 824 F.Supp. 190, 193 (D.Nev. 1993).

### B.    Failure to Allege Good Cause With Specificity

Although Petitioner acknowledges the necessity to allege good cause under *Rhines*, he merely refers vaguely to "extenuating circumstances," without specifically advising the Court of

2

what those circumstances are.  In the absence of specific factual allegations, the Court cannot determine that good cause exists for Petitioner's failure to exhaust the additional claims.

### C. Pursuit of Litigation

The motion is completely silent on the question of Petitioner's diligent pursuit of the litigation necessary to exhaust the additional claims.

## II. CONCLUSION AND ORDER

Petitioner's having alleged no factual basis to establish the elements necessary for an order of stay and abeyance, the Court hereby DENIES the motion for stay and abeyance without prejudice.

IT IS SO ORDERED.

Dated:   **December 3, 2014**                **/s/ Sandra M. Snyder**
                                                                                         UNITED STATES MAGISTRATE JUDGE

3