# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GREEN, | CASE NO. 1:14-CV-1648-LJO-SMS |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | |
| DANIEL PARAMO, Warden, | (Doc. 27) |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, brings a motion for reconsideration of an order adopting the findings and recommendations recommending dismissal of his petition for writ of habeas corpus (Docs. 21, 25). Doc. 27. Concurrently with his motion for reconsideration, Petitioner filed a notice of appeal, which has been processed. Docs. 28, 30.

I. JURISDICTION

The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982). However, "[i]f a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). It is not explicitly clear what would occur when a motion for reconsideration is filed concurrently with a notice of appeal. However, district courts are treating a notice of appeal filed concurrently with a motion for reconsideration as, in effect, suspended; therefore,

allowing the district court to consider the motion. *PJY Enters., LLC v. Kaneshiro*, 2015 U.S. Dist. LEXIS 85091, *5-6 (D. Haw. June 30, 2015); *Tidwell v. Spearman*, 2015 U.S. Dist. LEXIS 14801, *2 (E.D. Cal. Feb. 5, 2015); *Flores v. Hartley*, 2010 U.S. Dist. LEXIS 120698, *1 (E.D. Cal. Nov. 13, 2010). Hence, the Court will consider Petitioner's motion.

II.     RULE 59(e)

"Although the Federal Rules of Civil Procedure do not specifically allow for a motion for reconsideration, the court treats a motion for reconsideration filed within [28] days of the entry of judgment as one to alter or amend the judgment under [R]ule 59(e)." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 287 (D. Colo. 1997). Plaintiff's motion for reconsideration was filed on August 5, 2015, and included a verification and proof of service by mail dated July 20, 2015. Doc. 27. His motion was filed within 28 days after entry of judgment on July 2, 2015 when applying the prison mailbox rule. *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995)("An incarcerated pro se litigant completes service under Fed.R.Civ.P. 5(b) upon submission to prison authorities for forwarding to the party to be served."). Treatment under Rule 59(e) is appropriate.

A Rule 59(e) motion may be brought to alter or amend a judgment within 28 days of a judgment being filed. Fed. R. Civ. P. 59(e). There are four basic grounds upon which the courts have granted a motion for reconsideration under Rule 59(e): "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Insurance Co. v. Herron*, 634 F. 3d 1101, 1111 (9th Cir. 2011). Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Petitioner claims to have "incorporated several new finding, not in previous petition" and "restructured his arguments, which are exact same issues in previous petition." Doc. 27. However, each "new finding" was already raised and addressed in the original petition. Petitioner failed to

put forward any argument that would warrant reconsideration of the order of dismissal under Rule 59(e). Petitioner has not asserted the dismissal order was erroneous in any particular way, nor that he has discovered new evidence that was not previously available to him. Likewise, he has failed to establish manifest injustice or that the law has changed. In sum, Petitioner failed to present the Court with evidence of extraordinary circumstances.

### III.   ORDER

Accordingly, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **September 11, 2015**              **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE